UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SUZAN BERRO, D-10,

    Defendant.

_____/

Case No. 19-20821

Honorable Nancy G. Edmunds

**ORDER DENYING SUZAN BERRO'S RENEWED MOTION
FOR PRODUCTION OF WITNESS LINDA FAWAZ'S PRETRIAL SERVICES
AND PRESENTENCE REPORTS [269]**

Before the Court is Defendant Suzan Berro's Renewed Motion for Production of Witness Linda Fawaz's Pretrial Services and Presentence Reports. (ECF No. 269.) Linda Fawaz, a co-defendant in this case, pled guilty and awaits sentencing. The Government has advised Defendant Berro that it plans to call Linda Fawaz as a witness for the Government in the trial against Defendant Berro. On October 28, 2022, Berro filed a motion in which she requested that the Court grant her access to Fawaz's pretrial services and presentence reports. (ECF No. 255.) The Court denied Berro's request noting that disclosure of the reports was "neither necessary nor appropriate." (ECF No. 264.) Berro now moves for the disclosure of those reports for the second time. (ECF No. 269.)

As the basis for her motion, Berro states that Fawaz raised "issues of her personal and family history and background" in her recently filed sentencing memorandum (ECF No. 267) that would have been discussed in the Pretrial Services Report and Presentence Report. (ECF No. 269, PageID.1386.) Based upon her counsel's review of discovery

1

documents, Berro believes this information may be useful at trial for the purpose of impeaching Fawaz's credibility. (*Id.*) The Court denies Berro's motion.

Presentence reports are prepared in confidentiality by the probation office, an arm of the Court, for the Court's use in sentencing. *See* Fed. R. Crim. P. 32(c)(1). Courts very rarely give third parties access to the presentence reports "because of the fear that disclosure will have a chilling effect on the willingness of individuals to contribute information that will be incorporated into the report and because of the need to protect the confidentiality of the information contained in the report*." United States v. Ruibal*, No. 1:12-CR-132, 2014 WL 320204, at *1 (W.D. Mich. Jan. 29, 2014) (citing *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988)); *see also United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003); *United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995); *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1171 (2d Cir. 1983). Courts have therefore only allowed access to another's presentence report "when a compelling, particularized need for disclosure is shown." *United States v. Hernandez-Bustos*, No. 04-40159-01-RDR, Doc. 78 (D. Kan. Jan. 18, 2006).

In *United States v. Ruibal*, a court in the Western District of Michigan considered a similar request by criminal defendants for the disclosure of presentence reports of certain co-defendants who planned to testify as government witnesses at trial. *Ruibal*, 2014 WL 320204 at *1. After determining that a court has no obligation under *Brady* to review presentence reports of government witnesses for impeachment information, or provide access to those reports, the court held that the "[d]efendants' speculation that their co-defendants' presentence reports might contain information that could be useful for impeachment purposes falls short of the required showing of a compelling or

2

particularized need." *Id.* at *2. Similarly, in *United States v. Molina*, the Second Circuit held that the defendant's abstract arguments that the presentence report might affect how he cross-examined a witness, or may have caused him to present certain testimony, fell "well short of the particularity required to demonstrate a compelling need." 356 F.3d 269, 275 (2d Cir. 2004). The Court finds no reason to reach a different result in this case.

Nor will the Court order the release of Fawaz's pretrial services report. Eighteen U.S.C. § 3153(c)(1) restricts the uses for Pretrial Services' information and reports. "[I]nformation obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1). Pretrial services reports are therefore extremely confidential and restricted from even being removed from the courtroom after a hearing.

Based on the foregoing, Defendant Berro's motion is DENIED. (ECF No. 269.)

SO ORDERED.

       s/ Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: December 29, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2022, by electronic and/or ordinary mail.

       s/ Lisa Bartlett
       Case Manager